IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON GRAY,

      Plaintiff,                      No. CIV S-10-1928 EFB P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

      Defendants.            ORDER

/

On April 27, 2010, the court held a hearing on defendants California Department of Corrections and Rehabilitation, Matthew Cate, Robin Dezember, and Arnold Schwarzenegger's motion to dismiss.

Plaintiff's first amended complaint contains the following causes of action: 1) direct and vicarious § 1983 liability against all defendants except Dage; 2) common law negligence against Dage; and 3) "common law negligent hiring, supervision, training and discipline" against CDCR.

The Eleventh Amendment bars suits against the state and its agencies. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). The Eleventh Amendment also bars suits against state employees in their official capacity. *Id.* Therefore, plaintiff's § 1983 claims against

1

CDCR and all of the defendants except Dage in their official capacity must be dismissed.

Plaintiff's complaint does not contain factual allegations sufficient to support claims against Cate, Dezember and Schwarzenegger in their individual capacities.  He does not claim that any of these defendants personally denied him care for his stroke.  Neither has plaintiff plead facts sufficient to support a claim for supervisory liability under § 1983.  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Plaintiff does not allege that Cate, Dezember or Schwarzenegger created policies that were the "moving force" behind Dage denying plaintiff treatment for his stroke.  Plaintiff does not claim, for example, that these defendants trained Dage to ignore complaints from prisoners who appeared to be faking symptoms of illness.  Thus, § 1983 claims against Cate, Dezember and Schwarzenegger in their individual capacities must be dismissed.

As the entire § 1983 cause of action must be dismissed, this court currently lacks supplemental jurisdiction over plaintiff's state law claims.  Thus, defendants' motion to dismiss must be granted in its entirety.

As discussed at the hearing, plaintiff is granted leave to file a second amended complaint containing § 1983 claims against defendant Dage only.  Upon further consideration, plaintiff may also include a claim against Dage and/or CDCR under Cal. Gov't Code § 845.6, which states: "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical

1  care." However, plaintiff is cautioned that he must affirmatively allege compliance with the
2  California Tort Claims Act, which requires that a tort claim against a public entity or its
3  employees be presented to the California Victim Compensation and Government Claims Board
4  no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 900 *et seq. See*
5  *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001);
6  *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).
7          Accordingly, it is hereby ORDERED that:
8          1. Defendants' motion to dismiss is granted, and
9          2. Plaintiff shall file an amended complaint that complies with the above within 30 days
10 of the date of this order.  Failure to comply with this order will result in the dismissal of this
11 action.
12 Dated: May 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3