IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON GRAY,

     Plaintiff,                No. 2:10-cv-1928 GEB EFB P

   vs.

CALIFORNIA DEPT. OF
CORRECTIONS AND
REHABILITATION, et al.,

                             <u>ORDER</u>

     Defendant.

_____/

     Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983.  On October 23, 2012 plaintiff filed an ex parte application to modify the scheduling order.  Dckt. No. 56.  On the same day, defendant Dage filed an opposition.  Dckt. No. 57.  A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiff's request, which proposes an unworkable schedule in light of the existing deadline for dispositive motions, the final pretrial conference, and the June 18, 2013 trial, is denied because he fails to demonstrate the requisite good cause.

////

1

Furthermore, Local Rule 140(a) provides that "pursuant to the Judicial Conference Policy on Privacy and Electronic Access to Case Files, and the E-Government Act of 2002, Pub. L. No. 107-347, effective April 16, 2003, when filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits, whether filed electronically or on paper, unless the Court orders otherwise: . . . Social Security numbers: Use only the last four numbers . . . ." E.D. Cal. L.R. 140(a). Plaintiff counsel's ex parte application to modify the scheduling order references his client's social security number in three instances. *See* Dckt. No. 56-3 at 4, 56-4 at 4, 56-5 at 4. Therefore, the Clerk of the Court will be directed to remove those documents from the docket.

Plaintiff's counsel is referred to Local Rule 140 (Privacy Concerns and Redaction) and is warned that he may be sanctioned if future filings do not comply with the court's Local Rules. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application to modify the scheduling order (Dckt. No. 56) is denied.

2. The Clerk of Court is directed to remove from the docket the following pages, Dckt. No. 56-3 at 4, 56-4 at 4, 56-5 at 4, which contain plaintiff's social security number.

DATED: October 25, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE