IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON GRAY,

    Plaintiff,

vs.

CALIFORNIA DEPT. OF CORRECTIONS AND REHABILITATION, et al.,

    Defendants.

No. 2:10-cv-1928 GEB EFB P

ORDER

    Plaintiff is a state prisoner proceeding through counsel in an action brought under 42 U.S.C. § 1983.  On October 23, 2012, plaintiff filed an ex parte application to modify the scheduling order to extend the time for disclosing his expert witness on the ground that he had not yet received plaintiff's medical records from the California Department of Corrections and Rehabilitation. Dckt. No. 56.  On the same day, defendant opposed plaintiff's request. Dckt. No. 57.  Defendant argued that plaintiff's request should be denied for lack of diligence and good cause because plaintiff "never even sought copies of his medical records until August 15, 2012, which was fourteen months after the filing of the operative complaint and on the original deadline to disclose plaintiff's experts." *See id.* (also arguing that plaintiff's request was based on false statements).  Defendant also asked that if the court granted plaintiff's request, that the deadline for defendant's disclosure of experts be equally extended. *Id.*

On October 26, 2012, the court denied plaintiff's request for lack of good cause, and noted that plaintiff had "propose[d] an unworkable schedule in light of the existing deadline for dispositive motions, the final pretrial conference, and the June 18, 2013 trial . . . ." Dckt. No. 58. The court also noted that plaintiff's counsel's request improperly referenced his client's social security number and directed the Clerk of the Court to remove those references from the docket. Finally, the court referred plaintiff's counsel to Local Rule 140 (Privacy Concerns and Redaction) and warned that he may be sanctioned if future filings do not comply with the court's Local Rules. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

On November 2, 2012, plaintiff filed a second ex parte application to modify the scheduling order to extend the time for disclosing his expert witnesses. Dckt. No. 59. The request is nearly identical to the previous request, except that plaintiff states that he received the requested medical records on October 31, 2012. *Id.* Plaintiff does not address the arguments made by defendant in response to plaintiff's initial ex parte request, nor does plaintiff address the court's concerns about how the proposed extension of time would affect other dates in the schedule.

Defendant opposed plaintiff's second ex parte request on November 6, 2012, arguing that like plaintiff's first request, the instant request lacks good cause. Dckt. No. 60. Defendant also requested that plaintiff's counsel be sanctioned, arguing in part, that plaintiff's request violates Local Rules 140(a)(iv) and 303. Dckt. No. 60. Plaintiff did not file a reply or otherwise respond to defendant's request for sanctions.

Pursuant to Local Rule 140(a)(iv), documents filed with the court shall not include dates of birth. Both of plaintiff's counsel's requests to modify the scheduling order reference his client's date of birth *See* Dckt. No. 56-3 at 2, 4; 56-4 at 2, 4; 56-5 at 2, 4; 56-6 at 2; 59-2 at 2; 57-3 at 2; 57-4 at 2,4; 57-5 at 2. Therefore, the Clerk of the Court will be directed to redact these

references from the docket.

Defendant, citing to Local Rule 303, which governs the procedure for obtaining reconsideration of an order issued by a magistrate judge, argues that "[p]laintiff's serial filings constitute an abuse of process and are unfairly burdensome to defendant as well as this Court. Counsel for defendant was required to read plaintiff's second application, word for word, to determine if there were any different grounds for the requested relief, and was required to file another opposition on shortened notice." Dckt. No. 60 at 4.

The court will not sanction plaintiff's counsel at this time but will again refer him to the court's Local Rules and warn him that he may be sanctioned if future filings do not comply. *See* E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

Plaintiff's second ex parte application, which is nearly identical to the application that the court previously denied, will also be denied for failure to demonstrate the requisite diligence and good cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 2, 2012 ex parte application to modify the scheduling order (Dckt. No. 59) is denied.

2. The Clerk of Court is directed to redact the following references to plaintiff's date of birth: Dckt. No. 56-3 at 2, 4; 56-4 at 2, 4; 56-5 at 2, 4; 56-6 at 2; 59-2 at 2; 59-3 at 2; 59-4 at 2,4; 59-5 at 2.

DATED: November 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3