UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON GRAY, | No. 2:10-cv-1928-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DAGE, | |
| Defendant. | |

On July 24, 2014, the court granted defendant's motion to compel the deposition of plaintiff's expert witness, Dr. Paul Adler, but ordered that defendant shall pay a "reasonable fee" for Dr. Adler's preparation for and testimony at the deposition. ECF No. 110. The court determined that Dr. Adler's fee for attending the deposition may include the actual time spent being deposed, and up to five and one-half hours of preparation time (including one and a one-half hours conferring with counsel). ECF No. 110 at 2. The court also instructed plaintiff to submit appropriate documentation necessary to enable the court to determine the amount of a reasonable fee for Dr. Adler for purposes of Rule 26(b)(4)(E)(i) of the Federal Rules of Civil Procedure. Thus, plaintiff was instructed to file:

> . . . a sworn declaration signed by Dr. Adler as to prevailing market rates. That declaration . . . shall substantiate Dr. Adler's proposed rates of $465 per hour in preparation time (*see* ECF No. 107, Ex. B) and $750 per hour in deposition time (*see id.*). The declaration shall also disclose the case numbers and the rates

1

  charged and received by Dr. Adler in the San Diego case (*see id.* at 4) and the San Francisco case, *Ayala v. CDCR* (*see id.*, Ex. A).

ECF No. 110 at 2.  In response, plaintiff filed Dr. Adler's declaration.[1]  ECF No. 114.  However, the declaration does not substantiate that the hourly rates requested here for the deposition and preparation are reasonable.   Therefore, for the reasons explained below, the court has determined that the lower hourly rates set forth below are reasonable and are adopted for the purposes of Rule 26(b)(4)(E)(i).

  Determining what constitutes a "reasonable fee" for an expert witness at deposition is within the court's discretion.  *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545–46 (D. Ariz. 1999).  Relevant factors include (1) the witness's area of expertise, (2) the education and training required to provide the expert insight that is sought, (3) the prevailing rates of other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the fee actually being charged to the party who retained the expert, (6) fees traditionally charged by the expert on related matters, and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  *Id.* at 546.  The party seeking reimbursement of the expert witness's fee has the burden of establishing that the fee is reasonable.  *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 729 F. Supp. 2d 246, 255 (D.D.C. 2010).

  Having considered the relevant factors in connection with Adler's declaration, the court concludes that the rates sought for Adler's fees are not reasonable.  Adler's area of expertise, experience and training, is similar to that of the other expert plaintiff has retained in this case, Dr. Bruce Lasker.  *See* ECF No. 105-2 (plaintiff's witness designation and disclosure).  Dr. Lasker's deposition fee consists of $500 per hour, which is slightly higher than the average hourly deposition rate of $427, and is identical to the rate Adler claims to have charged in the *Ayala* case.  ECF No. 105-1, ¶ 3.  The court also notes that defense counsel was willing to pay Adler

---

[1] The declaration indicates that Paul Adler holds a Doctor of Medicine (M.D.) degree. However, Plaintiff's designation of experts identifies Dr. Adler as holding a Doctor of Osteopathic Medicine (D.O.) degree.  *See* ECF No. 105-2 at 8 & 11.

1  $1,000 in anticipation of two hours of deposition testimony.  ECF No. 105 at 4.  Given the scant
2  record presented by plaintiff, the court cannot conclude that a preparation rate in excess of $333
3  an hour, or a deposition rate in excess of $500 an hour, is reasonable.[2]

4        First, Dr. Adler's declaration does not provide evidence as to the prevailing market rates
5  of comparably available experts.  Instead, Adler states that he looked into "rates charged by
6  experts in general."  *See* ECF No. 114, ¶ 9.  His research led him to a 2014 survey, which shows
7  that the average hourly preparation time fee for "all experts" is $333, and the average hourly
8  deposition fee for "all experts," is $427.  *Id.*, Ex. B.  Adler's proposed rates of $465 per hour in
9  preparation time and $750 per hour in deposition time significantly exceed (i.e. almost double)
10 those averages.  While there may be satisfactory explanations for why that is the case, none have
11 been offered notwithstanding the court's request for documentation sufficient to establish a
12 reasonable fee.

13       Second, although the court instructed plaintiff to provide the case number and the rates
14 charged and received by Dr. Adler in a case based in San Diego, Adler's declaration makes no
15 reference to a San Diego case.  The court requested that information in light of plaintiff's
16 representation that Dr. Adler had been "recently retained by the County of San Diego in [ ]
17 another case, and they agreed to pay the exact same rates as those being demanded in this case."
18 ECF No. 107 at 4.  These representations remain unsubstantiated and cannot support the claim for
19 reimbursement here.

20       Third, Dr. Adler's declaration also fails to satisfy the court's request for specific
21 information regarding the San Francisco case, referred to by plaintiff only as *Ayala v. CDCR*.
22 Adler states that he does not keep any documents or records following the conclusion of cases for
23 which he is retained.[3]  ECF No. 114, ¶ 3.  Thus, Adler states that he is unable to provide "precise
24 case information (such as specific case name and case number).  *Id.*  Defendant, however, has

---

[2] It is not apparent from the record how much Dr. Lasker charged in preparation time.

[3] Rule 26(a)(2)(B) requires that an expert witness make available information regarding his qualifications, including a "list of all other cases" in which he has testified as an expert at trial or by deposition within "the preceding 4 years."

1  been able to locate a specific case name and number, which is *Ayala v. Ayers*, No. 3:10-cv-0979

2  (N.D. Cal.). ECF No. 115 at 5, ¶ 4. Defendant has submitted an excerpt from Dr. Adler's

3  *curriculum vitae* that was produced in that case. It states "My compensations from AMFS[4] is

4  approximately $300/hour. I have not received any compensation at this point." ECF No. 116 at

5  3. However, Adler's recent declaration states that he has no records of the billing in that matter.

6  He did, however, contact AMFS and was informed that AMFS charged the hourly rate of $500

7  for Adler's services in *Ayala*. Thus, if both representations are credited, the expert witness

8  service company, AMFS, charged the defendant the rate of $500 but compensated Adler the rate

9  of $300. But no declaration has been submitted by AMFS to confirm the matter.

10        The court is left with Adler's unsubstantiated explanation of the rates charged in two of

11  his "other cases over the last two years" and the representation that the services rendered in those

12  cases is "similar" to that in question here. While it is certainly reasonable to infer that AMFS

13  would have necessarily billed Adler's time at a rate higher than what is was actually paying Dr.

14  Adler, documentation of the actual amount paid to AMFS for Adler's services in missing from

15  plaintiff's supporting papers. Thus, there is a factual basis for some undocumented hourly rate in

16  an amount in excess of $300 and potentially as high as $500, but the higher end is nonetheless

17  unsupported by documentation.

18        The other evidence before the court is the representation in Adler's declaration that the

19  average hourly preparation rate for experts is $333, and the average hourly deposition rate is

20  $427. Although plaintiff's evidence as fee paid for comparable services in the deposition of Dr.

21  Lasker, a similar rate here ($500) is reasonable for Adler's time in the deposition. However,

22  given the concession that $333 is an average rate for preparation time and the plaintiff's failure to

23  provide any further evidence warranting a higher amount, the court adopts that "average" as a

24  reasonable hourly rate for Dr. Adler's preparation for the deposition.

---

[4] According to Adler's declaration and its attachments, AMFS/Medical Experts Nationwide is a company that retained Adler to work as an expert witness on behalf of the CDCR in the *Ayala* case. ECF No. 114 at 1 – 2, ¶ 1. A declaration by a California Deputy Attorney General who was assigned to that case clarifies that Adler was retained on behalf of a former contract employee at San Quentin State Prison who was a defendant in that case. ECF No. 116 at 1 – 2, ¶ 3.

1    Accordingly, IT IS HEREBY ORDERED that reasonable rates for Adler's deposition
2 consist of $333 per hour in preparation time and $500 per hour in deposition time.
3 DATED: October 7, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE